George **LOEVSKY** and Ruth Loevsky, Appellants in No. 71–1914,

v.

**COMMISSIONER OF INTERNAL REVENUE.**

Louis **LOEVSKY** and Faye Loevsky, Appellants in No. 71–1915,

v.

**COMMISSIONER OF INTERNAL REVENUE.**

Nos. 71–1914, 71–1915.

United States Court of Appeals, Third Circuit.

Argued Oct. 2, 1972.

Decided Jan. 2, 1973.

Jack N. Honart, Newark, N. J., for appellant.

Stephen Schwarz, Department of Justice-Tax Division, Washington, D. C., for appellee.

Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The income tax deficiencies that are in dispute in this case resulted from the Commissioner's disallowance of deductions claimed in the amounts of a corporation's contributions to a pension trust established to implement the corporation's pension plan for its salaried employees. In the Commissioner's view the contributions were not deductible because the pension plan did not satisfy the requirement of Section 401(a)(3)(B) of the Internal Revenue Code that in order for a pension trust to qualify for the preferential tax treatment claimed in this case, the classification that determines employee eligibility for participation must "not . . . be discriminatory in favor of employees who are officers, shareholders, persons whose principal duties consist in supervising the work of other employees, or highly compensated employees". For convenient reference, these statutory categories will be designated as "the prohibited group".

On the present record a majority of the Tax Court sustained the Commissioner's action, concluding that the Commissioner's finding that the classification under which eligibility for pension benefits was determined discriminated in favor of employees in the categories specified in the statute "cannot be said to be arbitrary, unreasonable, or an abuse of discretion". George Lovesky, 1971, 55 T.C. 1144, 1150.

▇ The pension plan in question was put into effect by the L & L White Metal Casting Corporation, a Subchapter S small business corporation [1] that manufactures lamp and gift components. The corporation had no other pension plan for any of its employees. In terms the plan covered and was limited to persons "regularly employed by the employer on a salaried basis. . . ," How-

1. For income tax purposes the income and deductions of such a corporation are passed through to its shareholders. The plaintiffs are the sole shareholders of the L & L corporation. Hence, the disputed deductions are claimed in their returns.

ever, section 401(a)(5) of the Internal Revenue Code specifies that a classification shall not be deemed discriminatory "merely because it is limited to salaried or clerical employees". Accordingly, a finding of discrimination in favor of employees in the prohibited group must have some adequate factual basis other than a preference accorded to salaried employees as such. Commissioner v. Pepsi-Cola Niagara Bottling Corp., 2d Cir. 1968, 399 F.2d 390.

The record shows that the numbers of persons employed full time by the corporation throughout 1964 and 1965, the taxable years involved here, were 126 and 129 respectively. The pension plan covered 13 employees in 1964 and 10 in 1965.

■ Of the 126 persons employed in 1964, the Tax Court found that 8 were members of the prohibited group: 2 officer-stockholders, 4 supervisors and 2 (the highest paid other than the officer-stockholders) "highly compensated". For 1965, 7 employees—2 officer-stockholders, 3 supervisors and 2 "highly compensated" individuals—out of 120, were found to be members of the prohibited group. In both years all members of the prohibited group were covered by the pension plan.

To state the matter somewhat differently, the plan as designed and implemented applied to only about 10 percent of the corporation's regular full time work force, leaving 90 percent without any pension benefits whatever. All employees who were members of the prohibited group were among those covered, while 95 percent of the other members of the work force, all in relatively low pay categories, were excluded.

This demonstration of the actual operation of the pension plan at least establishes a substantial prima facie case of discrimination in favor of the prohibited group. Cf. Ed & Jim Fleitz, Inc., 1968,

50 T.C. 384. And the record discloses no significant countervailing circumstances, for, as we shall show, the excuse offered here for excluding the great majority of the work force is not supported by the record.

■ The appellants argue that the corporation's dealings with almost all of the excluded employees are controlled by a collective bargaining agreement and that the union that represents these employees elected to forego any pension plan. It is arguable that a pension trust that covers only a small part of an employer's staff and work force and principally the members of the prohibited group cannot reasonably be characterized as discriminatory if employees not covered have freely declined coverage after the employer has offered to include them on a non-discriminatory basis. But the present record does not disclose such a situation.

Before the questioned pension plan was adopted the union that represented the great majority of the employees had included the inauguration of a pension plan among its several demands made at the beginning of negotiation for a new labor contract. But in the course of bargaining this demand was withdrawn while others were pressed and ultimately granted. It does not appear that this withdrawal was preceded by any offer of a pension plan by the employer. At most the record indicates that the gaining of pension rights did not enjoy as high priority in the hierarchy of employee demands as did some other items. Neither is there any indication that the employer subsequently, when the pension plan now in controversy was proposed and considered, offered the union to include the employees it represented. Thus, the indicia of discrimination in favor of the prohibited group stand unrebutted.

The decisions of the Tax Court will be affirmed.