**CONTAINER SERVICE COMPANY,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 72-1777.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1973.

Decided May 8, 1973.

Peter J. Donahue, Dayton, Ohio, for plaintiff-appellant; Smith & Schnacke, Dayton, Ohio, on brief.

Donald H. Olson, Atty., Tax Div., Dept. of Justice, Washington, D. C., for

---

defendant-appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Leonard J. Henzke, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; William W. Milligan, U. S. Atty., of counsel.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Taxpayer, Container Service Company, seeks a reversal of the District Court's dismissal of its tax refund suit. We affirm.

The facts are detailed in the District Court's opinion. 345 F.Supp. 235 (S.D. Ohio 1972). In 1968 the taxpayer established a profit sharing plan for its salaried employees and claims that its contributions made to the profit-sharing trust were tax deductible under 26 U.S.C. § 404(a). Employer contributions to a profit-sharing trust are tax deductible only if the profit-sharing plan is qualified under 26 U.S.C. § 401(a).

The employee coverage requirements are set out in § 401(a)(3) in two alternatives. A plan is qualified if either (A) the plan benefits at least 70 per cent of all employees or 80 per cent of eligible employees if 70 per cent of all employees are eligible or (B) the employer's eligibility classification does not discriminate in favor of employees who are officers, shareholders, supervisors or highly compensated employees.

In 1968 taxpayer employed twenty persons, of whom five were eligible for the profit-sharing plan in question. In 1969 five of twenty-one employees were eligible. Each year four of the five eligible employees were either officers or supervisors. The Commissioner of Internal Revenue held that the plan was discriminatory under § 401(a)(3)(B), and ruled that it therefore was not qualified. The taxpayer's claim for a deduction for its contributions was denied.

This finding is not irrebuttable, but the taxpayer bears a very heavy burden in attempting to overturn it. Cornell-Young Co. v. United States, 469 F.2d 1318 (5th Cir. 1972); Duguid & Sons, Inc. v. United States, 278 F.Supp. 101, 106 (N.D.N.Y.1967); Ed & Jim Fleitz, Inc., 50 T.C. 384 (1968).

Taxpayer seeks to justify the apparently discriminatory classification by asserting that all of its nonsalaried employees were unionized and that the union, as a matter of negotiation strategy, withdrew any demand for inclusion in profit-sharing or pension plan in favor of immediate wage benefits. Taxpayer asserts that since it would have been an unfair labor practice for it to have included union members in the profit-sharing plan by unilateral action, the union's refusal to seek inclusion somehow justifies their exclusion and qualifies the plan as non-discriminatory.

Without ruling on this contention, we hold that there is no evidence in the record that the employees, through their union, were ever offered inclusion in the plan by the taxpayer. The union representatives who negotiated the latest bargaining agreement with the company testified that they were never informed of the plan's existence or its details, much less tendered inclusion in it. We agree with the District Court that this plan was discriminatory in favor of shareholder-officers and supervisors. Other courts have ruled similarly when faced with the same claim concerning the unionization of non-salaried employees. Loevsky v. Commissioner, 471 F.2d 1178 (3rd Cir. 1973), aff'g, 55 T.C. 1144 (1971); *Duguid, supra; Ed & Jim Fleitz, Inc., supra.*

We emphasize that by this decision we neither make nor imply any ruling as to the effect of a union's refusal of an offer of inclusion in an employer's profit sharing plan. That situation is not before us.

Affirmed.