**Myrna MYRON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 74–3480.**

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1977.

Rehearing and Rehearing En Banc Denied March 31, 1977.

Hugo E. Pesola, Jr. (argued), of Flint & MacKay, Los Angeles, Cal., for plaintiff-appellant.

Leonard J. Henzke, Jr. (argued), Dept. of Justice, Washington, D. C., for defendant-appellee.

Before ELY, and SNEED, Circuit Judges, and SPENCER WILLIAMS,* District Judge.

## OPINION

SPENCER WILLIAMS, District Judge:

Appellant Myron is sole shareholder, chairman of the board, president, and general manager of Myron's Ballroom, Inc., and Myron's Enterprises, Inc. The two corporations submitted a Joint Retirement Income Plan to the Internal Revenue Service in 1967. The Plan, as submitted and approved, was sound. However, as administered it did not meet the requirements of 26 U.S.C. Section 401 and 26 C.F.R. Sections 1.401–1 and 1.401–3.

When the Internal Revenue Service audited the two corporations' tax returns in 1969, it determined that the Plan discriminated in its operation because amounts contributed to it by the corporations had been allocated solely for the benefit of appellant taxpayer when in fact five additional employees were eligible for coverage. The IRS rejected appellant's offer to cure the discrimination retroactively and included in appellant's income for 1967 and 1968 those amounts which the corporations had contributed to the Plan on her behalf.

Appellant taxpayer exhausted her administrative appeals through the IRS and following affirmation by the Commissioner, paid the taxes and interest found to be due, filed a claim for refund, and initiated suit in the District Court. The District Court made an affirmative finding that the situation resulted from an honest mistake of which the taxpayer had no actual knowledge, but nonetheless, affirmed the Commissioner.

The issue on appeal is whether the District Court committed error when it af-firmed the Commissioner's decision not to allow tax deductions for the retroactive payments.

The Commissioner's determination should not be set aside by the courts unless the taxpayer demonstrates that it was unreasonable, arbitrary or capricious. *Loevsky v. Commissioner*, 55 T.C. 1144 (1971), aff'd 471 F.2d 1178 (3rd Cir. 1973), *cert. denied*, 412 U.S. 919, 93 S.Ct. 2733, 37 L.Ed.2d 145 (1973).

Appellant cites *Ray Cleaners, Inc. v. Commissioner*, 27 T.C.M. 23 (1968) for the proposition that disqualification is not proper in situations where an inadvertent error causes employees to be omitted from coverage. However, the facts in that case differ significantly from the facts in the instant case. In *Ray Cleaners*, the plan had operated for two years without error. During those years three employees were covered, four declined to participate, and approximately twenty (20) employees were not eligible for coverage. In the third year of operation, three more employees became eligible but were inadvertently omitted from coverage. The important distinctions are that the Ray Cleaners plan had operated properly before the error occurred, that under the Ray Cleaners plan all seven (7) eligible employees were offered coverage initially, and that those employees actually covered included two who were low salaried.

While it might seem harsh to deny retroactive qualification of any plan where a claim of innocence has been accepted, this Court is not prepared to say that consideration of the degree of failure, even innocent failure in coverage is an improper basis for denying qualification.

The Commission has not and need not set any inflexible standard for determining the degree of inadvertent error required for disqualification. He properly held that a plan may be disqualified retroactively when the degree of failure in cov-

* Honorable Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

erage is extreme. The degree of failure here, where five eligible employees were omitted and the only person covered was the highly salaried manager who was also the sole shareholder of the corporation, is certainly that.

Affirm.

SNEED, Circuit Judge (concurring):

I concur in the judgment. Contrary to the situation in *Ray Cleaners, Inc.*, 27 T.C.M. 23 (1968), in this case the pension plan in operation was discriminatory. The district court so found and I agree. There is no basis in the Internal Revenue Code for retroactive correction of such plans.

ELY, Circuit Judge, dissenting:

I respectfully dissent.

After very careful study, I have concluded that it was legally and factually unreasonable for the Commissioner not to accept Myron's offer of retroactive cure for the inadvertent exclusion of her employees.

In the beginning, I have difficulty in comprehending the thoughts of either of my Brothers as to the supposed distinction between this case and *Ray Cleaners, Inc.*, 27 T.C.M. 23 (1968). My Brother Sneed, concurring, writes that the plan scrutinized in *Ray Cleaners* did not operate discriminatively. This conclusion appears to me to ignore the facts of that case, at least insofar as those facts are reiterated by Judge Williams. In *Ray Cleaners* the Tax Court held, *inter alia*, that the pension plan should not have been disqualified under 26 U.S.C. § 401(a)(4) due to discriminative operation simply because the taxpayer inadvertently failed to invite three eligible employees to participate. *See id.* at 28. Thus, there is no question that the plan of *Ray Cleaners* discriminated in its operation. The only question was whether that discrimination constituted a fatal defect under the statute, and the court held that it did not.

My Brother Williams submits that there are three important distinctions between the facts of *Ray Cleaners* and the facts presented here:

1. The plan in *Ray Cleaners* operated properly for the two years prior to the inadvertent discrimination.
2. Under the plan, all seven eligible employees were offered coverage initially.
3. Of those eligible employees actually accepting coverage under the plan, two were low salaried, *i. e.* not members of the corporate elite.

Immediately, it should be emphasized that the second proposed distinction merely reformulates the first: If the plan operated properly for its first few years, then by definition all eligible employees must necessarily have been invited to participate. Thus, there are actually only two distinctions that could possibly be of substance, and both are wholly attributable to fortuitous circumstances. The *time* when the inadvertent discrimination occurs, either at the plan's inception or at any time thereafter, is entirely fortuitous precisely because the error is inadvertent. Similarly, the fact that the instant plan included no low-salaried employees while the *Ray Cleaners* plan included two such workers is, it seems to me, another insignificant fortuity. I therefore cannot justify the inherent capriciousness of denying retroactive qualification depending upon the happenstance basis of fortuitous circumstances, particularly in light of the fact that the inadvertently omitted employees may be the ones primarily penalized.

The above notwithstanding, I cannot with firm conviction hold that *Ray Cleaners* offers convincing support that our court errs in affirming the judgment of the District Court. This is because the Tax Court did not expose its reasoning as to why it did not consider the inadvertent discrimination in *Ray Cleaners* to be fatally defective. Obviously, that which disturbs and troubles me about the Commissioner's determination is the wholly different treatment accorded to plans with provisions defective because of conceded inadvertence. 26 U.S.C. § 401(b); *Aero Rental v. Commissioner*, 64 T.C. 331 (1975). True, there is no comparable statutory provisions governing the cure

of a plan's operational defects; nonetheless, there remains the question whether the Commissioner acts reasonably by refusing to draw a seemingly appropriate analogy, i. e. considering the extremely liberal avenue for retroactive cure of a plan originating with defects due to inadvertence and applying that remedy in the context of operational defects arising from innocent inadvertence.

The formulation and implementation of pension plans involves highly complicated accounting and legal tasks; hence, inadvertent errors are unavoidable. If the Commissioner's refusal to allow retroactive qualification of inadvertently defective plan provisions would unduly frustrate the legislative purpose to encourage the establishment of pension plans and, of more significance, primarily penalize the employees, *see Aero Rental, supra,* then I see no reason to believe that a similar attitude in respect to the retroactive qualification of a plan wherein an inadvertent and temporary operative defect has been discovered will not have similarly deleterious consequences.[1]

Consequently, I would REVERSE.

---

1. In this connection, I note some evidence in the record that the inadvertent exclusion of eligible employees is a common phenomenon, and that retroactive corrections are often im- plemented as a matter of course without any objection from the Revenue Service. (R.T., Vol. V at 178–84.)