**Allen LUDDEN and Betty White Ludden, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 77-3898.**

United States Court of Appeals, Ninth Circuit.

Feb. 4, 1980.

Joel M. Butler, Shiotani & Butler, Beverly Hills, Cal., for petitioners-appellants.

Gilbert E. Andrews, Washington, D. C., on brief; Daniel F. Ross, U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

Before CHOY, ANDERSON and PREGERSON, Circuit Judges.

CHOY, Circuit Judge:

The Luddens' corporation established IRS-approved pension and profit-sharing plans for the benefit of its employees. Due to an inadvertent operational error by an accountant, the corporation made contributions to the plans on behalf of Mr. and Mrs. Ludden in fiscal 1972, but not on behalf of the only other eligible employee, secretary Whitehead. Therefore, the Commissioner determined that the plans failed in 1972 to qualify under I.R.C. § 401(a),[1] and asserted

---

1. All references in this opinion to I.R.C. § 401(a), quoted in pertinent part here, and other I.R.C. sections are to those sections as they read in 1972.

§ 401. Qualified pension, profit-sharing, and stock bonus plans

(a) Requirements for qualification.—A trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section—

(3) if the trust, or two or more trusts, or the trust or trusts and annuity plan or plans are designated by the employer as constituting parts of a plan intended to qualify under this subsection which benefits either—

(A) 70 percent or more of all the employees, or 80 percent or more of all the employees who are eligible to benefit under the plan if 70 percent or more of all the employees are eligible to benefit under the plan, excluding in each case employees who have been employed not more than a

a deficiency against the Luddens for income tax on the contributions made in their behalf in that year. I.R.C. §§ 402(b), 83. The Tax Court upheld the Commissioner, 68 T.C. 826 (1977). We affirm.

■ To gain the tax benefits of qualification, plans must satisfy § 401(a) in their operation as well as in their terms. *See Myron v. United States,* 550 F.2d 1145 (9th Cir. 1977). In operation, the 1972 plans benefited only 67% of the employees (not 70%) and 67% of the eligible employees (not 80%), so the plans were disqualified under I.R.C. § 401(a)(3)(A). Moreover, the 1972 plans discriminated, in operation, in favor of officers/shareholders/highly compensated employees (the Luddens), so the plans were disqualified under I.R.C. § 401(a)(4).

■ The conceded error that disqualified the plans should have been quickly rectified by retroactively reallocating a small share of the Luddens' 1972 contributions to Whitehead's account. However, despite the Luddens' asserted willingness, this was not done until the Tax Court's adverse decision was before this court on appeal. The Tax Court held that it had no jurisdiction, in a deficiency proceeding, to render an advisory opinion on the question raised by the Luddens: whether retroactive reallocation of the contributions would so well cure the inadvertent operational error that it would be an abuse of discretion for the Commissioner not to recognize the 1972 plans as qualified in the event such a reallocation was made.

We agree with the Tax Court, and we reserve the question that would have been properly presented had the Luddens caused the plans' trustee to rectify the error before submission of the case to the Tax Court.

AFFIRMED.

minimum period prescribed by the plan, not exceeding 5 years, employees whose customary employment is for not more than 20 hours in any one week, and employees whose customary employment is for not more than 5 months in any calendar year, or

    (4) if the contributions or benefits provided under the plan do not discriminate in favor of employees who are officers, shareholders, persons whose principal duties consist in supervising the work of other employees, or highly compensated employees.