F. D. AND BOBBIE J. ROBERTSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robertson v. Commissioner
Docket No. 2873-87
United States Tax Court
T.C. Memo 1990-275; 1990 Tax Ct. Memo LEXIS 293; 59 T.C.M. (CCH) 781; T.C.M. (RIA) 90275; May 31, 1990, Filed Joseph L. Anthony, for the petitioners. Scott Anderson and Richard Stein, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
*1055 MEMORANDUM OPINION Respondent determined a deficiency of $ 1,433.37 in petitioners' Federal income tax for 1982. At issue is whether petitioner F. D. Robertson, who owned interests in two real estate partnerships, is entitled to a deduction under section 404(a)(3) [1] for a contribution made in 1982 by CSW Associates to its qualified profit-sharing plan where the partnership had no current or *1056 accumulated earnings and profits but merely appreciation in the values of its real estate properties. *296 All of the facts are stipulated and, to the extent relevant, are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. The pertinent facts are set forth below. Petitioners resided in Grundy, Virginia, when their petition was filed in this case. Petitioners timely filed their joint Federal income tax return for 1982. On Schedule E of the return and an attachment thereto they claimed losses in the amount of $ 22,804 with respect to Roanoke Associates partnership and $ 852 with respect to CSW Associates partnership. During 1982 F. D. Robertson (petitioner) owned .4061 percent of the CSW Associates partnership and 9 percent of the Roanoke Associates partnership. In 1982 Roanoke Associates owned 95.4315 percent of CSW Associates. Of the $ 253,387 loss claimed on the partnership return (Form 1065) filed by Roanoke Associates for 1982, the amount of $ 199,984 was attributable to Roanoke Associates' partnership interest in CSW Associates. The amount of $ 348,800.67 in income from the partnerships which was reported on petitioner's 1982 Federal income tax return included the $ 852 loss attributable to petitioner's partnership interest *297 in CSW Associates and the $ 22,804 loss attributable to his partnership interest in Roanoke Associates. During 1982 CSW Associates claimed, as an operating expense for management, office, resident management and maintenance salaries and wages, a deduction of $ 235,666.13. In addition to that amount, $ 34,453.25 was deducted for contributions made to its profit-sharing plan. CSW Associates partnership was formed in December 1974. For the calendar years 1974 through 1982 CSW Associates did not report any taxable income. CSW Associates is under common control, within the meaning of section 414(c), and is an affiliate, within the meaning of section 1563(a), with Roanoke Associates and Knox Creek Coal Corporation. In 1981, Knox Creek established a profit-sharing plan, qualified under section 401(a), which became effective in the same year. The Internal Revenue Service approved the profit-sharing plan on April 28, 1982. Being under common control with Knox Creek Coal Corporation, CSW Associates also established in 1981 a profit-sharing plan qualified under section 401(a). The Internal Revenue Service issued a favorable determination letter to CSW Associates on July 27, 1982. *298 Article III, section 3.01(a), of the CSW Associates profit-sharing plan provides:
The Company's contributions for each Plan Year shall be the amount of its current or accumulated earnings and profits as it shall determine in its sole discretion. Profits for purposes of this Plan are the greater of (i) the Company's taxable income for federal income tax purposes increased by allowable depletion deductions, state income taxes and any Company contributions to this Plan during the current fiscal year or (ii) the Company's current profits and accumulated earned surplus, increased by state income taxes and any Company's contributions to this Plan during the current fiscal year as determined under generally accepted accounting principles. The Company contributions for any Plan Year may be made any time so long as within the time prescribed by law to make such contributions deductible. During 1982, CSW Associates owned five different apartment and office park complexes. The original cost of the properties, which were purchased between 1974 and 1980, was $ 11,966,121. In 1980, 1981 and 1982 the properties were assessed by the local tax assessors at $ 11,179,850, $ 11,791,850 and *299 $ 12,588,000, respectively. During the period from January 1, 1981, to December 31, 1982, the real properties owned by CSW Associates appreciated in value by at least $ 34,453.25. For the years 1974 through 1982, the real properties of CSW Associates had appreciated in value over original cost by $ 621,879 based on the properties' tax assessed value in 1982 and $ 7,811,756 based on the 90 percent co-insurance coverage on the properties in 1982. None of the appreciation was recognized for the purposes of Federal income tax return preparation. For the years 1974 through 1982, CSW Associates never had any current or accumulated earnings and profits as determined under generally accepted accounting principles as promulgated by the American Institute of Certified Public Accountants in the preparation of financial statements for commercial enterprises. On October 31, 1986, respondent sent petitioners a statutory notice of deficiency for 1982 disallowing $ 140.90 of the loss claimed with respect to CSW Associates and $ 2,958.27 of the loss claimed with respect to Roanoke Associates. The disallowance of such losses to petitioners was based on the disallowance of the contribution *300 made to the profit-sharing plan of CSW Associates because that partnership did not have any current or accumulated earnings or profits in 1982. *1057 Respondent's position is that in 1982 a contribution to a profit-sharing plan depended on the contributor having profits, either current or accumulated, with which to make the contribution and that amounts paid into a profit-sharing plan by a taxpayer without profits could not be deducted as a contribution to such a plan. Thus he contends that the contribution here is not deductible because CSW Associates had no current or accumulated earnings and profits as defined under generally accepted accounting principles or under the provisions of the profit-sharing plan. Although respondent recognizes that neither section 401(a) nor section 404(a)(3) expressly provides that there must be current or accumulated profits out of which an employer may make a contribution to a profit-sharing plan, he points out that it has long been established that, prior to 1986, one of the significant characteristics of a profit-sharing plan was that contributions made by an employer were necessarily dependent upon profits. See Mississippi River Fuel Corp. v. Commissioner, 29 T.C. 1248, 1260-1261 (1958), *301 affd. 266 F.2d 190 (8th Cir. 1959); Latrobe Steel Co. v. Commissioner, 62 T.C. 456, 464-465 (1974); and Springfield Productions, Inc. v. Commissioner, T.C. Memo. 1979-23. [2]
*302 Petitioners agree with respondent's position that there must be profits to support a contribution to a qualified profit-sharing plan. However, they disagree with respondent as to whether CSW Associates had the necessary profits to allow a contribution to the plan. They argue that CSW Associates had current or accumulated earnings from which a contribution could be made to the profit-sharing plan on the ground that the current or accumulated earnings of CSW Associates includes the appreciation of its real estate investments. Based on the respective positions of the parties, the narrow question to be decided is whether the unrealized appreciation of the real estate properties should be included as current or accumulated earnings and profits under the profit-sharing plan of CSW Associates. The parties have stipulated that CSW Associates had a qualified profit-sharing plan during 1982; that its real estate had appreciated in value in excess of $ 34,453.25, the amount of the deduction claimed for the contribution to the plan; and that CSW Associates did not have any current or accumulated earnings and profits as determined under generally accepted accounting principles. Petitioners' *303 main contention is that the increase in market value of the assets of CSW Associates created the necessary profits to support a contribution to the profit-sharing plan because the primary economic benefit to be realized by CSW Associates is through the appreciation of its real estate properties. They argue that although CSW Associates did not have current or accumulated profits in the customary sense, it did have profits as contemplated for a contribution to a qualified plan. Petitioners contend that the definition of profits as set forth in Rev. Rul. 66-174, 1966-1 C.B. 81, which provides that the term profits is not limited to taxable profits or to earnings and profits as defined in section 316(a) of the Code, includes the unrealized appreciation of CSW Associates' real estate. We agree with respondent's position. The plan which the Internal Revenue Service approved and for which it issued a favorable determination letter provides that the contributions to the profit-sharing trust "shall be the amount of its current or accumulated earnings and profits" as determined in the sole discretion of CSW Associates. The term "profits" is specifically defined in Article III, *304 section 3.01(a), of the plan, as previously set forth. The definition of profits, as contained in the plan, did not include unrealized appreciation of the partnership's real estate investments. It is therefore clear that the contribution made by CSW Associates to the profit-sharing trust was not made in accordance with the terms of its plan. Petitioners argue that increases in the values of real estate properties owned by CSW Associates should be treated as "profits" from which it could make contributions to the profit-sharing trust deductible under section 404(a)(3). This argument lacks merit. For the purposes of finding "profits" from which CSW Associates could make a deductible contribution to its profit-sharing trust, petitioners would have us look to the profit which the partnership might have realized and recognized in 1982 if it had liquidated its real property holdings. We note that nowhere in this record is there any evidence that, if CSW Associates sold its real property *1058 holdings in 1982, it would have recognized a profit for income tax purposes or had current profits as determined under generally accepted accounting principles. To refer to increases in *305 the value of property as "profits" is not a generally accepted accounting principle. The fact that, for personal financial statements, assets are reflected at their current estimated fair market value does not turn the difference between that current fair market value and the basis of such assets into either profits or losses. A decrease in the value of CSW Associates' real estate holdings would decrease or perhaps eliminate the unrealized (and unrecognized) "profit" which petitioners anticipate will be generated when and if those assets are liquidated. Accordingly, we hold that the term "profits" does not include any unrealized appreciation in the real estate properties of CSW Associates. The claimed deduction of its contribution to the profit-sharing trust was properly disallowed. It therefore follows that the income of petitioners in 1982 was correctly increased by respondent in the amount of $ 3,099.17 as a result of the unallowable deductions claimed by CSW Associates. In their reply brief petitioners contend for the first time that the contribution is deductible under section 404(a)(5) to the extent the participants had a vested interest in the contributions. They cite *306 Comprehensive Designers International, Ltd. v. Commissioner, 66 T.C. 348 (1976), for this proposition. We disagree with petitioners' contention. Not only have they failed to show how much of the contribution for the year 1982 became vested, but section 404(a)(5) pertains only to nonqualified plans where the contribution is includable in the gross income of the employees participating in the plan. Section 1.402(b)-1(a)(1), Income Tax Regs.
Here we have a qualified plan where the participants are not required to include in income their share of the contribution made under the terms of the plan. Ludden v. Commissioner, 68 T.C. 826, 828 (1977), affd. 620 F.2d 700 (9th Cir. 1980); section 1.402(a)-1(a)(1), Income Tax Regs. Clearly the statutory scheme is to allow the employer a deduction for a contribution to a qualified plan and to allow the employee to defer reporting any income until he receives the benefits from the plan. In the instant case the contribution to the plan is not deductible because CSW Associates did not have current or accumulated profits to support *307 the contribution and not because the plan was not qualified. Accordingly, whether or not the participating employees had a vested interest in the contribution is not material to the issue in this case. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in question unless otherwise indicated.↩
2. Congress was aware that prior decisional law and Internal Revenue Service rulings required an employer's contribution to be made out of current or accumulated profits. It added section 401(a)(27) to the Code by section 1136(a), Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2744, which specifically provides that beginning after December 31, 1985, employer contributions to a profit-sharing plan will not be limited to the employer's current or accumulated profits. See H. Rept. 99-841 (Conf.) Vol. II at 485 (1986), to accompany H.R. 3838. Prior to 1986, deductions with respect to profit-sharing trusts were allowable only to the extent that contributions were paid out of one of three sources: (1) net profits for the year; (2) accumulated earned surplus, Rev. Rul. 66-1974, 1966-1 C.B. 81; or accumulated profits under subchapter S, Rev. Rul. 80-252, 1980-2 C.B. 30. Where the employer had no profits to share, a contribution was not deductible. Rev. Rul. 70-532, 1970-2 C.B. 95. See also section 1.401-1(b)(2)(ii), Income Tax Regs.↩